Citation Nr: 1508845 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 10-46 376 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Kenneth M. Carpenter, Attorney


ATTORNEY FOR THE BOARD

J. W. Loeb, Counsel


INTRODUCTION

The Veteran served on active duty from June 1966 to June 1968.

This case originally came before the Board of Veterans' Appeals (Board) on appeal from an August 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office in Chicago, Illinois (RO). In May 2013, the Board granted an initial evaluation of 70 percent for service-connected posttraumatic stress disorder (PTSD), to include major depressive disorder and adjustment disorder, prior to August 23, 2007 and remanded the issue of entitlement to TDIU to the RO for an opinion on "...whether the Veteran's service-connected disabilities alone, singly or in aggregate precluded him from obtaining and maintaining substantially gainful employment versus just marginal employment, considering his level of education, prior work experience, special training, etc., but not his age or impairment attributable to disabilities that are not service connected, specifically, multiple sclerosis." VA evaluations were obtained in August and September 2013, and a medical opinion was obtained in October 2014.

The Board notes that the claim for service connection for PTSD was received by VA on July 24, 2002, and was subsequently granted effective on the date of claim, with a 70 percent rating effective July 24, 2002 and a 100 percent rating effective August 23, 2007. However, because the claim for TDIU was received on November 5, 2008, after the Veteran was already receiving a 100 percent rating for PTSD, and because the record does not show evidence of unemployability due to service-connected disability prior to August 23, 2007, Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009), is not applicable. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Although the Veteran is assigned a 100 percent rating for PTSD beginning August 23, 2007, the United States Court of Appeals for Veterans Claims (Court) has held that the receipt of a 100 schedular percent rating for a service-connected disability does not necessarily render moot any pending claim for a TDIU. Bradley v. Peake, 22 Vet. App. 280 (2008). Although no additional disability compensation may be paid when a total schedular disability rating is already in effect, the Court's decision in Bradley suggests that, if a Veteran has a schedular total rating for a particular service-connected disability and subsequently claims TDIU for a separate disability or disabilities, VA must consider the TDIU claim despite the existence of the schedular total rating and award SMC under section 1114(s) if VA finds the separate disability(ies) support a TDIU independent of the other 100 percent disability rating.

An opinion was obtained in October 2014 in which the medical professional who reviewed the evidence concluded that the Veteran's service-connected disabilities alone, singly or in aggregate do not preclude him from obtaining and maintaining substantially gainful employment considering his education and work experience because the Veteran was previously found to be unemployable based on his nonservice-connected multiple sclerosis (MS) and not as a result of his 
service-connected PTSD, bursitis, GERD, and knees. However, in light of Bradley, the question that must be answered in this case, and was not specifically addressed in the October 2014 opinion, is whether the Veteran's service-connected disabilities other than PTSD combine to preclude him from obtaining and maintaining substantially gainful employment considering his education and work experience.

At the time of the claim for TDIU on November 8, 2008, the Veteran's 
service-connected disabilities other than PTSD were residuals of right knee surgeries with arthritis and scar, 30 percent disabling; residuals of left knee surgery with arthritis, 10 percent disabling; gastroesophageal reflux disorder with gastric antrum erosion associated with residuals of right knee surgeries with arthritis and scar, 10 percent disabling; history of left hip bursitis, 10 percent disabling; right hip bursitis associated with residuals of left knee surgeries with arthritis, 10 percent disabling; and erectile dysfunction associated with residuals of right knee surgeries with arthritis and scar, 0 percent disabling. The combined rating of these disabilities is 50 percent. 

TDIU ratings may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a) (2013). For the purpose of one 60 percent or one 40 percent disability in combination, disabilities resulting from a common etiology or a single accident will be considered as one disability. 38 C.F.R. § 4.16(a) (2014).

Because the Veteran's service-connected disabilities other than PTSD do not include a single disability rated at least 60 percent disabling and do not have a combined rating of 70 percent, the Veteran does not meet the schedular criteria for a total disability rating based on individual unemployability pursuant to 38 C.F.R. § 4.16(a), which means that a total rating could be considered only on an extraschedular basis under section 4.16(b). Although the Board may not assign an extraschedular rating in the first instance, because the authority for doing so is vested in a particular VA official, the Director of the Compensation and Pension Service, the Board may consider whether remand to the RO for referral to the proper official is warranted. See 38 C.F.R. § 4.16(b); Bagwell v. Brown, 9 Vet. App. 337 (1996) (holding that the Board is precluded from assigning an extra-schedular rating in the first instance, but the Board is not precluded from considering whether referral to the VA officials is warranted); see also VAOPGCPREC 6-96 (Aug. 16, 1996).

Accordingly, the case is REMANDED for the following actions:

1. The case will be returned to the medical professional who provided the opinion in October 2014 for further clarification. This professional will be requested to provide an opinion, after review of the record, on whether it is at least as likely as not (50 percent probability or more) that the Veteran's service-connected disabilities other than PTSD preclude him from securing and following a substantially gainful occupation consistent with his education and occupational experience. This opinion must be provided without consideration of his nonservice-connected disabilities or his age. A complete rationale for all opinions must be provided. When offering the opinion, the examiner should focus on the functional effects that the Veteran's service-connected disabilities have on his ability to work.

The term 'at least as likely as not' does not mean 'within the realm of medical possibility.' Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

If the medical professional who provided the opinion in November 2014 is not available, the RO will obtain an opinion from another appropriate medical professional. If the reviewer determines that an additional examination of the Veteran is necessary to provide a reliable opinion, such examination should be scheduled and the Veteran informed as to the consequences for failure to report for a VA examination without good cause in accordance with 38 C.F.R. § 3.158, 3.655 (2014). However, the Veteran should not be required to report for another examination as a matter of course, if it is not found to be necessary. 

2. After the above has been completed, refer the case to the Director of VA's Compensation Service for consideration of entitlement to a TDIU on an extraschedular basis under the provisions of 38 C.F.R. § 4.16(b), to include with consideration of the opinion obtained as a result of the above request. 

3. After completing the above actions and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the AMC/RO will readjudicate the issue of entitlement to TDIU. If the issue on appeal remains adverse to the Veteran, the Veteran and his attorney will be provided a Supplemental Statement of the Case, which will include a summary of all pertinent evidence and legal authority, as well as the reasons for the decision. The Veteran and his representative will be afforded a reasonable period in which to respond, and the record will then be returned to the Board for further appellate review, as appropriate. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).